IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL ALBERT FOCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-00399-RAH-CWB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

On February 20, 2025, the Magistrate Judge recommended that the Petitioner's *Petition for a Writ of Error Coram Nobis* (doc. 1), *Motion for Sanctions Under Rule 11B(1)–(4)* (doc. 24), and *Motion for Mental Evaluation Under Rule 35* (doc. 25) be denied. The Magistrate Judge further recommended that this Court certify any appeal by the Petitioner on this matter as taken without merit and without good faith therefore denying him entitlement to appeal *in forma pauperis*. (Doc. 26 at 15.) On March 6, 2025, the Petitioner timely filed an *Answer and Objection to 26 Recommendation* (doc. 27), in which the Petitioner launches several objections—they all fail.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990); *see also United States*

*v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783–85 (11th Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

The Petitioner raises eight objections to the Magistrate Judge's recommendation to deny *coram nobis* relief and one objection to the recommendation to deny the Petitioner's motions for sanctions and mental evaluations.

### A. *Coram Nobis* Relief Objections

"The bar for coram nobis relief is high." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam). A writ for *coram nobis* relief is only appropriate "when there is and was no other available avenue of relief" and "when the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon . . . ." *Id.* (internal quotations and citation omitted). In other words, a petition for such relief is *not* "an opportunity to reassert failed claims or to bring claims [a petitioner] neglected to bring in available proceedings." *Hatten v. United States*, 787 F. App'x 589, 591 (11th Cir. 2019).

Of the eight objections to the Magistrate Judge's recommendation to deny *coram nobis* relief, several of the Petitioner's concerns were already addressed by the Eleventh Circuit, and some were not.

### 1. Issues Already Presented and Passed Upon by the Eleventh Circuit

In Objections One, Two, Three, and Nine the Petitioner appears to argue that 1) the Magistrate Judge demonstrated bias against the Petitioner in failing to recommend *coram nobis* relief based on the incomplete jury instruction given at the Petitioner's trial; 2) the failure to recommend *coram nobis* relief based on the incomplete jury instruction "reflect[s] prejudice, subverting jury sovereignty" (doc. 27 at 2); 3) the failure to recommend *coram nobis* relief based on the sentencing

judge's consideration of other gun sales that the Petitioner was not convicted of at trial shows the Magistrate Judge's bias against the Petitioner; and 4) Objection Nine, though titled as a Fourth Amendment objection, appears to once again raise the incomplete jury instruction: "The jury, blind to 'hobby,' couldn't weigh my acts against GCS's text . . . ." (*Id.* at 7.) While these objections differ (slightly) in reasoning and cited law, they all fail for the same reason. As the Magistrate Judge stated, the Petitioner's incomplete jury instruction issue "was presented to and passed upon by the Eleventh Circuit, [therefore,] Petitioner is not entitled to seek *coram nobis* relief[]" on this issue. (Doc. 26 at 13 (citation omitted)); *see generally United States v. Focia*, 869 F.3d 1269 (11th Cir. 2017). Further, the Court finds no bias or prejudice in the Recommendation's accurate application of the law. Objections One, Two, Three, and Nine will be overruled.

### 2.    The Remaining *Coram Nobis* Relief Objections

Objections Four, Five, Six, and Eight remain.

With Objection Four, the Petitioner seems to argue that the Magistrate Judge used non-binding caselaw to circumvent *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), which shows the Magistrate Judge's bias against the Petitioner. But binding caselaw leads the Court to the same conclusion as the Magistrate Judge. Generally, for a new rule of constitutional law to be made retroactive to cases on collateral review, the Supreme Court must hold that the new rule is retroactively applicable to such cases. *See Tyler v. Cain*, 533 U.S. 656, 661–66 (2001). There are two exceptions to this rule: 1) if the new rule is substantive, it generally applies retroactively, *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004), and 2) "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding" also generally apply retroactively, *Tyler*, 533 U.S. at 665 (internal quotations and citation omitted). Here, regardless of the Petitioner's argument that *Bruen* constitutes a substantive law change and should

apply retroactively to his case, the Magistrate Judge correctly stated that the "Petitioner's reliance on *Bruen* is misplaced." (Doc. 26 at 7.)  In *Bruen*, the Supreme Court rejected the means-end scrutiny test during a determination of whether a gun law regulation violated an individual's Second Amendment rights.  597 U.S. at 19. ("*Heller* and *McDonald* do not support applying means-end scrutiny in the Second Amendment context.")  But in *Focia*, the Eleventh Circuit never applied a means-end scrutiny test.  *See Focia*, 869 F.3d at 1286–87 (ending analysis after concluding 18 U.S.C. § 922(a)(1)(A) qualifies as the kind of presumptively lawful regulatory measure described in *District of Columbia v. Heller*, 554 U.S. 570, 627 & n.26 (2008) (internal quotation marks, brackets, and citation omitted)).  Thus, in the Petitioner's case, the Eleventh Circuit's analysis never reached a point where a retroactive application of *Bruen* would change the outcome of the Petitioner's case—*Bruen* changes nothing for the Petitioner here.  Objection Four will be overruled.

In Objection Five, the Petitioner states: "The Recommendation prejudices [him] by recasting his secondary-market claim as sufficiency, not jurisdiction." (Doc. 27 at 4 (internal citations omitted).)  The Petitioner appears to argue that the Magistrate ignored cases such as *United States v. Cotton*, 535 U.S. 625 (2002), and *Abramski v. United States*, 573 U.S. 169 (2024), to "protect" the Eleventh Circuit Court of Appeals' ruling in *Focia*, 869 F.3d 1269, which shows the Magistrate Judge's bias against the Petitioner.  (*See* doc. 27 at 4.)  It is difficult from the *Petition for a Writ of Error Coram Nobis* (doc. 1) and the *File on Demand* (doc. 22), however, to ascertain the Petitioner's arguments.  Therefore, the Magistrate Judge addressed multiple possible arguments to provide a report and recommendation that covered whatever the Petitioner tried to argue.  While the Recommendation does construe the Petitioner's secondary-market argument as one of sufficiency of evidence at one point, (doc. 26 at 12), it also addresses the Petitioner's argument

"[t]o the extent [the] Petitioner . . . argue[s] that there was a jurisdictional defect in the superseding indictment [based on the Petitioner's] . . . [selling of] firearms on the secondary market," (*Id.* at 11).

The Petitioner states that *Cotton*, 535 U.S. at 630, "holds [that] jurisdictional defects (no federal offense) void convictions[.]" (Doc. 27 at 4.) But the portion of the *Cotton* opinion that the Petitioner cites is not the holding—the Petitioner cites the Court's discussion of old caselaw, which then, contrary to what the Petitioner argues, concludes with the fact that "defects in an indictment *do not* deprive a court of its power to adjudicate a case." *Cotton*, 535 U.S. at 630 (emphasis added).

The Petitioner also states that "*Abramski v. United States*, 573 U.S. 169 (2024) suggests § 922(a)(1)(A) overreach." (Doc. 27 at 4.)  But the Recommendation also addresses this case and its inapplicability. (*See* doc. 26 at 10 ("Why Petitioner believes that *Abramski* is relevant to his situation is unclear. *Abramski* involved a defendant who was convicted for violating [a different statute,] 18 U.S.C. § 922(a)(6).").)  And to the extent that *Abramski* discusses the statute under which the Petitioner was convicted—18 U.S.C. § 922(a)(1)(A)—the Supreme Court did not invalidate that statute. *See* 573 U.S. at 191–93 (affirming that falsely answering a question on federally required firearm transferee/buyer form violates § 924(a)(1)(A)).  The Magistrate Judge was not purposefully ignorant of applicable caselaw, was not biased against, and did not prejudice the Petitioner.  Therefore, Objection Five will be overruled.

Next, Objection Six: "Relief Denial Prejudice."  (Doc. 27 at 4.) The Petitioner seems to object to the Magistrate Judge's recommendation that *coram nobis* relief be denied, seemingly because, per the Petitioner, four of his habeas petitions have been "blocked" by Montgomery County Detention facility (doc. 1 at 7).  The Petitioner cites *United States v. Morgan*, 346 U.S. 502, 512 (1954), in which the Court instructed that a federal trial court must hear a petitioner's motion for *coram*

*nobis* relief because the Court could not "deduce[] from the record [where the right to] counsel [had been] properly waived," there was no other available remedy, and there was "sound reason[ing]" as to why the petitioner had not sought earlier relief. *Morgan*, 346 U.S. at 512. But for a court to consider *coram nobis* petitions, "no other remed[ies] [can be] available[,] and the petitioner [must] present[] sound reasons for failing to seek relief earlier." *United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir. 2000). The Petitioner has not made this showing. So Objection Six will be overruled.

Finally, Objection Eight. Here, the Petitioner objects to jurisdiction, based on statutory arguments. He asserts that 1) he "is not included in ['Person']" under 18 U.S.C. § 921(a)(1); 2) the states are "not included in the definition of State"; and 3) as a "hobbyist," the statute does not apply to him. (Doc. 27 at 5–6.) Contrary to the Petitioner's view, these statutory arguments are not jurisdictional and could also have been raised before this time. *See Alikhani*, 200 F.3d at 734–35 (rejecting the notion that a petitioner's statutory arguments are jurisdictional where the petitioner argued 1) that he did not belong to the U.S. person category targeted by the relevant statute and 2) that the statute did not cover his conduct). While "defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court," *Cotton*, 535 U.S. at 630, the Petitioner's statutory objections here do not impact whether the court had the power to adjudicate the case. *See Alikhani*, 200 F.3d at 735; *United States v. Denalli*, 179 F. App'x 605, 607 (11th Cir. 2006). Because Objection Eight raises issues that could have been brought up on appeal, it will also be denied.

## B.   Sanction and Evaluation Bias Objection

The Petitioner objects on the ground that the Recommendation "prejudicially denies sanctions and evaluation" based on a "[m]isreading of *Abramski* . . . and uphold[s] flawed trials," which shows the Magistrate Judge's bias against the

6

Petitioner. (Doc. 27 at 5.) The Petitioner cites *In re Murchison*, 349 U.S. 133, 136 (1955). And presumably he argues that he did not receive a fair trial because of existing biases against him and that the Recommendation upheld the "flawed trial," and therefore, sanctions are appropriate. *In re Murchison* does state that "[a] fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases." 349 U.S. at 136. But whether his trial was "flawed" should have been (and in some ways, already was) brought up on appeal. There is no basis of bias by the Magistrate Judge against the Petitioner in recommending denying the Petitioner's motion for sanctions and evaluation. The Objection will be overruled.

## C. Recommendation to Certify Any Appeal Taken by the Petitioner on These Issues Lack Good Faith and are without Merit

The Magistrate Judge also recommends that this Court certify any appeal taken on these issues by the Petitioner to lack merit and be taken without good faith.

Title 28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken *in forma pauperis* [("IFP")] if the trial court certifies in writing that it is not taken in good faith." Good faith is determined by the objective question of whether the appeal is "frivolous," *Coppedge v. United States,* 369 U.S. 438, 445 (1962), or is "without arguable merit," *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (internal quotation marks and citation omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.* (internal quotation marks and citation omitted). In other words, a lawsuit is frivolous if "the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (internal quotation marks and citation omitted).

Should the Petitioner file an appeal on these issues, the appeal would be frivolous and without arguable merit. All of the Petitioner's claims and objections either 1) could have been brought up prior to this proceeding or 2) are based in his own disagreement with the applicable law and the outcome of his case. For the same reasons his *coram nobis* relief petition fails, any appeal on these issues lack a "realistic chance[] of ultimate success," *id.*—they are thus, and will be certified as, frivolous.

## CONCLUSION

Upon an independent review of the record, the Magistrate Judge's Report and Recommendation, and the Objection, it is **ORDERED** as follows:

1)    The Petitioner's Objections in Document No. 27 are **OVERRULED**;

2)    The Magistrate Judge's Recommendation (doc. 26) is **ADOPTED**;

3)    The *Petition for a Writ of Error Coram Nobis* (doc. 1) is **DENIED**;

4)    The *Demand for Sanctions Under Rule 11B(1)–(4)* (doc. 24) is **DENIED**;

5)    The *Demand for Mental Evaluation Under Rule 35* (doc. 25) is **DENIED**; and

6) Any appeal in this cause is hereby **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a), as without merit and therefore would not be taken in good faith.

**DONE** and **ORDERED** on this the 21st day of March 2025.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE